In re William RILEY, Jr., Debtor.

WEDGEWOOD REALTY, INC., a Florida Corporation, Sharon Lewis Riley and William Riley, Plaintiffs,

v.

Frank DINARDO, Sr., William Williger, Jr., and David Pelusio, Defendants.

Bankruptcy No. 87–6491–8P7.

Adv. No. 89–211.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 10, 1989.

Malka Isaak, Tampa, Fla., for Wedgewood and Sharon Riley.

Erik Abrahamson, Clearwater, Fla., for Wedgewood Realty, Sharon Riley, William Riley, and John Menkel, trustee.

Joseph R. Park, Park, Smith, Dayton & Bugg, P.A., Clearwater, Fla., for plaintiffs.

Dov Sussman, Leo Meirose, Jr., St. Petersburg, Fla., for defendants.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Imposition of Sanctions filed by Wedgewood Realty, Inc. (Wedgewood), Sharon Lewis Riley (Riley) and John Menkel, Trustee (Trustee), collectively referred to as Plaintiffs, for the estate of William Riley, Jr., the Debtor involved in the above-captioned Chapter 7 case. The Motion for Sanction is sought against Frank Dinardo, Sr. (Dinardo), William Williger, Jr. (Williger), and David Pelusio (Pelusio) pursuant to F.R.C.P. 11 and Bankruptcy Rule 9011.

Not only the factual background of this bankruptcy case, but also the history of a removed civil action makes it difficult to present in an orderly fashion the facts relevant to the Motion under consideration. Nevertheless, this Court will attempt to summarize the relevant facts which, as appear from the record, are as follows.

In June 1987, Wedgewood, Ms. Riley, and Mr. Riley filed a suit against Dinardo, Sr., Williger, Jr., and Pelusio, in the Circuit Court for Pinellas County, Florida, Civil No. 87–9164–21. In this civil action, the Plaintiffs sought recovery of $67,500 based on a promissory note executed by Dinardo, Sr., Williger, Jr., and Pelusio, the Defendants named in the lawsuit in favor of the Plaintiffs. In due course, the Defendants filed an Answer and in addition to asserting certain affirmative defenses, filed a counterclaim in two counts against the Plaintiffs. In Count I they sought general damages based on a breach of contract and in Count II sought a recovery of $2,000 based on the promissory note. The Circuit Court, after the pretrial conference, scheduled the matter for trial, without a jury, to commence on December 1, 1988, at 1:30 p.m.

On December 1, 1987, Riley, Jr., one of the Plaintiffs who filed the suit in the Circuit Court, filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. In due course, Mr. John D. Menkel was appointed as Interim Trustee by the office of the United States Trustee for his estate and later on succeeded himself and became the permanent trustee. On December 1, 1988, the Defendants filed with the United States District Court a "Verified Petition for Removal". On December 15, 1988, the Plaintiffs filed in the District Court a Motion to Remand. On the same date, the Plaintiffs also filed a Motion and sought the imposition of sanctions against the Defendants, but in January 1989, they withdrew their Motion for Sanctions without prejudice.

To further complicate the matter, the Plaintiffs also filed a Motion to Remand in this Court even though at that time there was no removed civil suit pending in this Court inasmuch as noted earlier, the state court action was removed to the District Court. For this reason, this Court entered an Order on January 23, 1989, and denied the Motion to Remand. On January 27,

1989, the Plaintiffs (not identified in the Motion which one of the Plaintiffs) filed a Motion in the District Court and sought an Order referring "case" [sic] related to bankruptcy proceeding [sic]. The Defendants also filed a Response to the Motion for Remand and the Plaintiffs' Motion to Refer Case and the Response to the Motion to Impose Sanctions.

On the 27th day of April, 1989, the District Court entered an Order and granted the Motion to Refer "case" and directed that the "case" [sic] (obviously meant to refer to the removed civil suit) to be transferred to the bankruptcy court. Thereafter, this Court entered the routine Order generally used on Applications for Removal, directing the parties to transfer all the records of the removed civil action to this Court with the direction to pay the requisite filing fee. On June 14, 1989, the Plaintiffs filed a Renewed Motion to Remand. The Motion was based on the allegation that neither the District Court nor this Court has jurisdiction over the removed "case". In due course, both the Motion to Remand and the Motion to Impose Sanctions were scheduled for hearing. At the conclusion of the hearing, this Court stated that the Motion to Remand is well taken and directed counsel for the Plaintiffs to submit an Order. The Court also stated that a separate Order would be entered remanding the civil suit to the Circuit Court for Pinellas County where the suit was originally filed and the Motion to Impose Sanctions was taken under advisement.

The Renewed Motion to Impose Sanctions filed by the Plaintiffs seeks imposition of sanctions, oddly enough, only against Pelusio. The Motion is based on Fed.R.Civ.P. 11 and Bankruptcy Rule 9011.

It should be noted at the outset that by virtue of F.R.C.P. 81(a)(1), the civil rules are not applicable in bankruptcy except insofar as they may be made applicable by rules promulgated by the Supreme Court of the United States. F.R.C.P. 11 was not adopted by the Bankruptcy Rules, but are instead replaced by Bankruptcy Rule 9011.

For this reason the relief sought based on F.R.C.P. 11 is not well taken.

This leaves for consideration the relief sought based on Bankruptcy Rule 9011 which provides, inter alia, as follows:

### RULE 9011
### SIGNING AND VERIFICATION OF PAPERS

(a) Signature.

... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation....

If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Based on the foregoing, it is evident that the only parties against whom sanctions may be imposed, provided the Court is satisfied that the certification requirements of this Rule have been violated, is Pelusio, the only one of the three Defendants who actually signed the Verified Petition for Removal and Mr. Meirose, counsel of record for the Defendants. This, of course, creates an anomalous situation which comes about because the Motion does not seek an imposition of sanctions against Mr. Meirose, but only against Mr. Pelusio. Thus, theoretically, the only person against whom sanctions could be imposed at this time is Mr. Pelusio. Notwithstanding the foregoing, this Court is satisfied that the Rule permits imposition of sanctions against the offending party under appropriate circum-

stances on the Court's own Motion. Therefore, the proposition to impose sanctions against Mr. Meirose also will be considered.

Considering the facts surrounding this adversary proceeding, this Court is satisfied that the Rule, in fact, has been violated by Pelusio and Mr. Meirose, and the imposition of sanctions is warranted for the following reasons:

### Legal and Factual Basis for Removal

By virtue of a 1984 amendment of the Judicial Code, § 122(a) of P.L. 98–353, the procedure to remove claims related to bankruptcy cases is governed by 28 U.S.C. 1452. This section of the Judicial Code provides as follows:

> 28 U.S.C. § 1452. REMOVAL OF CLAIMS RELATED TO BANKRUPTCY CASES
>
> (a) A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

The same amendment in 1984 restructured the bankruptcy jurisdiction and now provides that the District Court has original, but not exclusive, jurisdiction of civil proceedings arising in, or arising under cases under Title 11. 28 U.S.C. § 1334(a), (b). The civil suit sought to be removed, as noted earlier, is based on pure state law. It is clearly not a civil proceeding arising under nor arising in the Title 11 case. While it has not been argued by counsel for the Defendants it may be argued that it is a "related" proceeding based on the fact that one of the Plaintiffs in the state court action was originally William Riley, a Debtor, and later on the Trustee appointed for his estate. This is the closest possible ground which may support the proposition that this is a civil proceeding related to a case under Title 11. However, it is not the Trustee who seeks a removal, but the Defendants who certainly could not have instituted a suit either in the District Court or in this court based on their claims set forth in the counterclaim. This is so because there is no diversity jurisdiction between the parties nor do their claims represent a federal question and a suit against the Debtor equally would have been improper. It needs no detailed citation to support what is obvious that claims asserted against Chapter 7 debtors are by filing proof of claims and not instituting civil suit.

The argument advanced by counsel of the Defendants that the removal was proper because the Defendants filed a Complaint in this court in which they seek the revocation of the Debtor's discharge is meritless and is a non sequitur. This is so because the right of a Chapter 7 debtor to obtain a general bankruptcy discharge, or to retain one once the same has been issued, has nothing to do with the rights of non-debtors to collect a debt based on a promissory note, nor has anything to do with the Trustee's attempt, if there is one, to seek a recovery on the promissory note. Of course, neither is the counterclaim asserted by these Defendants sufficient to furnish a basis for the removal for the simple reason that their claims against two non-debtors have nothing to do with a case under Title 11, and the claim against the Debtor which has been discharged no longer represents a viable claim. In any event, as noted earlier, the only proper way to assert the claim against the estate of the Debtor is not to prosecute the civil suit, but to file a proof of claim. In this instant case, of course, the time to file claims has long expired, so this proposition is academic.

### Appropriate Procedure for Removal

In addition to the foregoing, it is evident that the procedure followed by the Defendants was improper and totally contrary to the procedures provided by Bankruptcy Rule 9027 and Local Rule 106, both of which govern removals. Bankruptcy Rule 9027 requires an "Application for Removal" and not a "Petition". Next, this must be filed with the clerk for the district and the Defendants within which is located the state court where the civil action is pending. Bankruptcy Rule 9001(3) provides the term, "clerk", means the bankruptcy clerk, if one has been appointed. In this District, a bankruptcy clerk has been appointed pur-

suant to 28 U.S.C. § 156(b). Thus, it is evident that to file a "Verified Petition for Removal" with the clerk of the District Court was improper and conflicted with the provisions of Bankruptcy Rule 9027 and with the provision of Local Rule 106 which provides that the Application for Removal must be filed in the bankruptcy court.

Based on the foregoing, there is hardly any question that the steps undertaken by the Defendants were not supported by existing law, nor can an argument be made to change, modify or reverse the existing law. This leaves for consideration whether or not the attempt to remove the civil action was done for improper purpose, that is, to cause delay which in turn, if exists, would justify the imposition of sanctions.

### Improper Purpose of the Removal

It is without dispute that the final hearing in a civil suit was scheduled by the Circuit Court for December 1, 1988 and was to commence at 1:30 p.m. Counsel for the Defendants advised the Circuit Court judge that the final evidentiary hearing had to be continued because they were prohibited by the automatic stay to proceed and prosecute their counterclaims. Promptly thereafter, the Plaintiffs obtained an ex parte Order from this Court lifting the automatic stay in order to permit the Plaintiffs to proceed with their lawsuit in the state court action. Notwithstanding, the lawsuit in the Circuit Court was continued based on the representation of counsel for the Defendants and that the Order lifting the stay was not specific enough to authorize the Defendants to prosecute their counterclaims. In order to proceed with the lawsuit, counsel for the Plaintiffs promptly filed a second ex parte emergency Motion and sought modification of the stay. The Motion was granted and the Order expressly permitted the Defendants to continue with the prosecution of their counterclaims. In light of this development, it became clear that the Defendants no longer were able to forestall the circuit court suit based on the automatic stay unless they removed the civil suit from the Circuit Court. In order to accomplish this highly improper goal, the Defendants promptly filed their "Verified Petition for Removal" which, of course, did stop any further progress in the removed civil suit.

In light of the foregoing, there is hardly any doubt that Bankruptcy Rule 9011 was violated by Pelusio and Leo Meirose by their certification of the facts and the legal right by their respective signatures and for this reason, the imposition of sanctions is appropriate against Pelusio and Leo H. Meirose, the parties who signed the "Verified Petition for Removal".

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that Leo H. Meirose and David Pelusio be, and the same are hereby, found to have violated Bankruptcy Rule 9011. It is further

ORDERED, ADJUDGED AND DECREED that a final evidentiary hearing shall be scheduled for the purpose of determining the appropriate measure of sanctions to be imposed pursuant to this Order.

DONE AND ORDERED.